UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| Secretary of Labor, | ) | FILE NO. 7:08-2337-HFF |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARL E. REID, | ) | |
| | ) | |
| Defendant. | ) | **C O M P L A I N T** |
| | ) | **(Injunctive Relief Sought)** |

Plaintiff ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the District of South Carolina pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The American Fittings, Inc. NDFI SIMPLE IRA Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3) and subject to coverage under ERISA pursuant to section 4(a), 29 U.S.C. § 1003(a).

5. American Fittings, Inc. ("AFI" or "the Company"), formerly a South Carolina corporation and the Plan Sponsor, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant Carl E. Reid ("Reid "), an individual, an officer of AFI and acting individual who acted as plan administrator, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A), (B), (E), (F) and (H), 29 U.S.C. § 1002(14)(A), (B), (E), (F) and (H).

7. The Plan was established by Reid and AFI in 2000.

8. The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

9. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

10. For payroll periods between January 2002 and July 2003, Defendant Reid and AFI withheld employee contributions to the Plan, failed to segregate the contributions from Company assets as soon as they reasonably could do so and failed to timely forward them to the Plan in accordance with ERISA and the governing Plan documents.

11. For payroll periods between August 2003 and December 2004, Defendant Reid and AFI withheld employee contributions to the Plan in the amount of $44,189.76, failed to segregate the contributions from Company assets as soon as he reasonably could do so and never forwarded them to the Plan.

12. During the periods that participant contributions were not remitted to the Plan as required, Defendant and AFI caused or allowed the contributions to be commingled with the general assets of the Company.

3

13. Defendant Reid and AFI caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

14. Defendant Reid and AFI failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

15. By the actions described in paragraphs 10 through 14, Defendant Reid and AFI, as fiduciaries of the Plan,

    a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

  c) failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a);

  d) failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1);

  e) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

  f) dealt with assets of the Plan in their own interests or for their own accounts, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1); and

  g) acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

  17. Defendant Reid is liable for the breaches of AFI, pursuant to section 405(a) of ERISA, 29 U.S.C. § 1105(a), in that he either (1) participated knowingly

in an act of the other fiduciary, knowing such act was a breach, in violation of section 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.  Order Defendant Reid to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of his breaches of fiduciary obligations

B.  Order that the Plan set off the individual Plan accounts of Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, §1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. §1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendant and reallocated to the non-breaching participants;

6

C.  Appoint a successor fiduciary or administrator, at Defendant's expense, to receive any funds recovered as a result of this action and to distribute the proceeds to the Plan or the participants as appropriate;

D.  Permanently enjoin Defendant from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

E.  Enjoin Defendant from engaging in any further action in violation of Title I of ERISA;

F.  Award Plaintiff the costs of this action; and

G.  Provide such other relief as may be just and equitable.

Respectfully submitted, this 26TH day of June, 2008.

| | |
|---|---|
| GREGORY F. JACOB<br>Solicitor of Labor | W. WALTER WILKINS<br>UNITED STATES ATTORNEY |
| STANLEY E. KEEN<br>Regional Solicitor | By: /s/ George Conits<br>George Conits  (I.D. 234) |
| JAMES E. CULP | Assistant United States Attorney<br>P.O. Box l0067 F.S.<br>Greenville, S.C. 29603 |

Deputy Regional Solicitor

ANGELA F. DONALDSON
Attorney

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
Telephone: (404) 302-5435


SOL Case No. 07-70020

8