UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ELAINE L. CHAO, ) | |
| Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| ) | 7:08-cv-02337-HFF |
| v. ) | |
| ) | |
| CARL E. REID, ) | |
| ) | |
| Defendant. ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C.§§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendant **CARL E. REID** ("Reid"). Defendant and the Secretary have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

A.     The Secretary's Complaint alleges that Defendant breached his fiduciary duties with respect to the American Fittings, Inc. NDFI SIMPLE IRA PLAN (the "Plan") by failing to discharge his duties under the Plan and by violating provisions of sections 403, 404 and 406 of ERISA, 29 U.S.C. § 1103, 1104 and 1106, as set forth in the Complaint.

B.     Defendant Reid hereby admits to the jurisdiction of the Court over him and over the subject matter of this action. Defendant admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order, with the exception of the collection of any

monetary claims against Defendant that are within the exclusive jurisdiction of the United States Bankruptcy Court for the District of South Carolina. Defendant Reid admits that the present matter is not stayed as a result of the bankruptcy proceeding, pursuant to 11 U.S.C. 362(b)(4).

C. Defendant Reid admits that he is, or was at all times relevant to this action, acting as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). Defendant Reid further admits that his conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

D. Defendant Reid expressly waives any and all claims of whatsoever nature that he has or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendant.

F. The Secretary and Defendant expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Reid, his agents, servants, employees and all persons in active concert or participation with him are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendant Reid is permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. Defendant Reid shall make restitution to the Plan's participants or their beneficiaries, if appropriate (hereafter the "Plan Participants", which phrase shall include former participants) of the total sum of $44,993.77 in the manner set forth herein and to the participants and in the amounts set forth in Exhibit A.  In the event that Defendant fails to make restitution to each participant and beneficiary in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full, Defendant shall:

a. Either (1) make restitution to the Plan Participants listed in Exhibit A (attached) in the amount shown as due and owing to each Plan Participant, together with any post judgment interest, by paying that amount to the SIMPLE IRA account which was established by each of those Plan Participants to receive contributions made on their behalf under the Plan, if such account still exists; (2) pay the said amount directly to the appropriate Plan Participant; or (3) obtain a signed and notarized written acknowledgement and agreement from each Plan Participant who voluntarily and knowingly agrees that he/she is owed nothing and/or has already received payment for the amounts owed set forth in Exhibit A.

b. Provide the Secretary written accountings of the amounts paid to each participant and

beneficiary as specified above. All accountings provided to the Secretary shall include the payees' names, addresses, social security numbers, and the total amount paid. Defendant shall provide an accounting no later than five (5) days after making restitution to the participants and beneficiaries. Defendant shall also provide written accountings to the Secretary whenever requested by the Secretary. The accountings shall be delivered to the Regional Director, Employee Benefits Security Administration, 61 Forsyth Street, SW, Room 7B54, Atlanta, Georgia 30303 and shall include copies of cancelled checks evidencing such payments.

    c. Provide the Secretary copies of all agreements and acknowledgments obtained pursuant to item 4(a)(3) above, along with the current address and telephone number of each participant who signs each such written acknowledgment and agreement. Any agreement and acknowledgment obtained pursuant to item 4(a)(3) above shall not be considered valid for purposes of this Consent Judgment and Order unless the Secretary in her sole discretion determines, through representatives of the Employee Benefits Security Administration, that the participant or beneficiary signing the agreement knowingly and voluntarily waived his or her right to receive the amount set forth in Exhibit A.

    5. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 4, less any amounts waived as set forth in Paragraph 4(a) and (c) above. Once the Department delivers a written assessment of the civil money penalty to the Defendant, Defendant shall pay to the Department of Labor the civil

money penalty assessed pursuant to ERISA § 502(l)(2), 29 U.S.C. § 1132(l)(2), in the time and manner prescribed by 29 C.F.R.§ 2570.84, subject only to any waiver or reduction of such penalty that Defendant may seek and obtain pursuant to 29 C.F.R. § 2570.85.

6. Defendant Reid has filed for bankruptcy under Chapter 7, Case Number 08-02423, in the United States Bankruptcy Court for the District of South Carolina. Accordingly, the Secretary will initially take action to collect Plan losses from Defendant Reid in the context of the bankruptcy proceeding. This Court shall otherwise retain jurisdiction to enforce this Order and take enforcement action which may be required as a result of this Order. The Secretary has filed a Complaint in the bankruptcy proceeding for a finding that Defendant Reid's debt—for payment of the amounts identified in Exhibit "A"—is non-dischargeable, pursuant to 11 U.S.C. § 523(a)(4). Defendant Reid admits that any debt arising from his defalcation, including any penalty assessed pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), is non-dischargeable.

7. In the event that Defendant Reid fails to promptly distribute all of the Plan's cash assets to the participants and beneficiaries as ordered by this Court, the Plaintiff, on motion to the Court, may seek the appointment of an administrator to receive payments of the amounts Defendant is to restore to the Plan's participants and beneficiaries pursuant to paragraph 4.

8. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

    a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 of the Act, except as

specifically addressed in this Judgment.

    b.  This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

    c.  This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

  9.  Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

**IT IS SO ORDERED**.

Signed this 21th day of November, 2008, in Spartanburg, South Carolina.

             s/ Henry F. Floyd
             HENRY F. FLOYD
             UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Defendant Reid consents to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
| CARL E. REID | GREGORY F. JACOB<br>Solicitor of Labor |
| By: */s/ Carl E. Reid/*<br>   CARL E. REID | STANLEY E. KEEN<br>Regional Solicitor |
| | ROBERT M. LEWIS, Jr.<br>Counsel |
| | By: */s/ Angela F. Donaldson/*<br>   ANGELA F. DONALDSON<br>   Attorney |
| | Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303<br>(404) 562-2057<br>(404) 562-2073 (FAX)<br>Attorneys for Plaintiff |

Chao v. Carl E. Reid
7:08-cv-02337-HFF
Exhibit A to Consent Judgment

| Participant Name | Amount Owed |
|---|---|
| Barton, Michael | $729.83 |
| Barton, Tonya | $37.83 |
| Biggerstaff, Archie Young | $1,726.08 |
| Bruce, Robert Michael | $3.60 |
| Butler, David Mark | $899.61 |
| Carrington, Jennifer Nicole | $4,498.04 |
| Carrington, Richard C | $4,061.48 |
| Frye, Timothy | $2,225.11 |
| Gilbert, Edward D | $620.69 |
| Gilbert, Sandra E | $887.48 |
| Gillespie, Lisa | $27.01 |
| Griffin, Ethan D. | $814.46 |
| Harrison, Jeffrey | $13.37 |
| Hartley, Daniel | $1,774.96 |
| Knight, Michael | $12.26 |
| Knight, Roger Darrell Jr | $2,662.45 |
| Lee, John M | $2,261.13 |
| Leonard, Anthony K | $14.41 |
| McLay Lisa C | $926.09 |
| Owens, Christopher David | $570.31 |
| Phillips, Vernon Michael | $11.88 |
| Pressley, Michael Shane | $814.27 |
| Ramey, Thomas Loyd | $449.80 |
| Reece, Roy Wayne | $1,752.62 |
| Reese Michael Eric | $22.09 |
| Reese, Jamie | $5.76 |
| Reeves, Marcus H | $1,508.18 |
| Reeves, Mickael D | $10.80 |
| Reeves, Valissa J | $1,337.68 |
| Reid, Carl E. | $3,157.43 |
| Reid, Carl Edward Jr | $3,128.10 |
| Reid, Chad E | $2,589.69 |
| Rider, Claude | $443.74 |
| Underwood, William | $887.48 |
| Wideman Janice | $882.44 |
| Wiles, Darlene H | $3,225.16 |
| **Total** | **$44,993.77** |